Reva S. McCULLY, Respondent,

v.

Richard L. McCULLY, Appellant.

No. KCD 27798.

Missouri Court of Appeals,
Kansas City District.

May 2, 1977.

Thomas R. Linhoff, Kansas City, for appellant.

Willaim T. Bernard, Kansas City, for respondent.

Before SWOFFORD, P. J., PRITCHARD, C. J., and DIXON, J.

SWOFFORD, Presiding Judge.

This is an appeal from a judgment and decree in an action brought by the wife (Respondent) against her husband (Appellant), tried below under the Dissolution of Marriage Act, Sections 452.300–452.415 RSMo, 1973 Supp. The decree dissolved the marriage, set over the parties' home and a piece of property in Arkansas to the Respondent, awarded her a lump sum judgment of $9,694.00, ordered the Appellant to pay the sum of $100.00 per week as mainte-

nance, and awarded the wife the sum of $1,500.00 attorney's fee.

The Appellant raises two points or assignments of error, which may be thus summarized: *First,* that the court erred in awarding Respondent a lump sum money judgment of $9,694.00 because (a) the trial court had no authority to enter such an order since debts owed others are not "marital property" within the meaning of the Dissolution of Marriage Act, and (b) such award was an abuse of discretion as there was no evidence of marital property in addition to that awarded Respondent from which such money judgment could be satisfied. *Second,* the award of maintenance was inequitable and excessive and exceeded the Respondent's needs and the Appellant's ability to pay.

At the outset, it should be noted that the scope of appellate review of actions under the Dissolution of Marriage Act has never been clearly and positively articulated under the present state of the law. Under the former Rule 73, before amendment, the scope of appellate review in divorce actions were treated as any other court-tried case and were reviewed as suits in equity and the judgment was not to be set aside unless "clearly erroneous". *Page v. Page,* 516 S.W.2d 537, 540[3] (Mo.App.1974); *Boyd v. Boyd,* 459 S.W.2d 8, 11[3] (Mo.App. 1970); Rule 73.01(1)(3), V.A.M.R., Footnotes 536, 569 and 602.

Present Rule 73.01, adopted March 29, 1974, effective January 1, 1975, deleted the provision "the judgment shall not be set aside unless clearly erroneous" as contained in the former rule. The present Rule 73.-01(3)(a) provides that the appellate court shall review a court-tried case "upon both the law and the evidence as in suits of an equitable nature."

In the case of *Murphy v. Carron,* 536 S.W.2d 30, 31 (Mo. banc 1976), the court commented that the law in Missouri "as to the scope of appellate review of suits of an equitable nature is in a state of confusion, largely as a result of an attempted use of

*de novo* and *clearly erroneous* in the same standard of review." Under the case law in Missouri decrees in equity actions are left undisturbed on appeal unless "clearly erroneous". The court in *Murphy* pointed out the essential need that the "Bench and Bar of Missouri be given some sense of direction on the question" and then stated, l.c. 32[1–3]:

"Accordingly, appellate 'review * * * as in suits of an equitable nature', as found in Rule 73.01, is construed to mean that the decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong. The use of the words *de novo* and *clearly erroneous* is no longer appropriate in appellate review of cases under Rule 73.01."

The clear guidance of the formula for appellate review as declared in *Murphy v. Carron* should be and is hereby applied to this appeal under the Dissolution of Marriage Act.[1]

The transcript of the evidence in this case and the numerous documentary exhibits have been carefully and fully reviewed and it would serve no useful or precedential purpose to recount the tragic details here, except those facts directly bearing on the points necessary for decision.

At the time the parties separated and this action was commenced, the Appellant was 64 years of age and his wife, the Respondent, was 61; they had been married 25 years and had one grown daughter, who was emancipated. He was employed in the insurance business and his net earnings were approximately $1,000.00 per month.

She was also employed in the garment business and earned approximately $325.00 to $350.00 per month. Her physical condition was such that she was in the need of surgery. Prior to the difficulties leading to this suit they lived comfortably, with no showing of any great financial stress.

They owned and occupied a home in the south part of Kansas City, which was held in tenancy by the entirety and which was subject to a first and second mortgage and a home improvement loan. They were also purchasing a piece of resort property in Arkansas, apparently on a contract for a deed.

About three years before this action was filed, the Appellant became attached to another woman, and although he denied any improper relations with her, she testified that they were sexually intimate and that she had accompanied him on trips; and, that he had helped her and her two children financially. There was substantial evidence that at least part of this period the Appellant maintained her in an apartment, helped her with her rent and utilities, bought gifts for her and her children, and in part at least, was maintaining two households.

During this time he borrowed money at banks and finance companies and many of the notes representing such loans were signed by the Respondent at Appellant's request, some of which were signed by her in blank.

After the filing of this action the Appellant filed his petition in bankruptcy in which he listed all of the parties' joint debts and obligations, leaving the Respondent solely responsible for those debts. Upon his adjudication as a bankrupt, she was immediately called upon by the creditors to satisfy the obligations, foreclosure was threatened on the home, and a judgment was taken against her on at least one of the other obligations. It was to cover these debts (other than the mortgages on the

1. The Missouri Court of Appeals, St. Louis District, has recently applied the *Murphy v. Carron* rule in an appeal involving a motion to change an order relative to child custody.

*Edward Newton Randle, Jr., Respondent v. Beverly Ann Randle*, Appellant, No. 37,490, decided April 19, 1977, Clemens, J., —— S. W.2d ——.

home) from which the Appellant had been relieved by his bankruptcy that the court below awarded the Respondent the lump sum of $9,694.00.

■ The Appellant's position as to his first assignment of error is based upon the specious reasoning that the debts for which the trial court rendered the lump sum judgment were not "marital property" within the meaning of the Dissolution of Marriage Act and therefore not subject to division under Section 452.330(1), Laws 1973, p. 470, Sec. 7, and the fact of such debts, the present sole obligation of the Respondent to pay them and the reasons for such debts and their increase during the appellant's extra-marital affair should, therefore, be completely disregarded by the trial court in his effort to fairly adjust the economic position of the parties. This position completely overlooks the inherent nature of the proceedings. The present proceedings decided under the Dissolution of Marriage Act, are no less charged with the principles of equity than the old divorce actions.

■ While *sui generis* and an action at law, this proceeding, nonetheless, partakes of the nature of a suit in equity and the trial court is clothed with broad equitable powers. The adjustment of financial equities as between the parties was and is an inherent power of the trial court. In this connection, this court has recently ruled that the power of the trial court under the Dissolution of Marriage Act with reference thereto is intended "to accommodate consideration of manifest justness and fairness" and such cannot be accomplished by mathematical formula. *Corder v. Corder*, 546 S.W.2d 798, 804[9] (Mo.App.1977).

■ The fact that there was no evidence of the Appellant's present ability to pay this judgment and thus relieve the Respondent of her sole burden of these debts does not render nugatory this power of the trial court. *Claunch v. Claunch*, 525 S.W.2d 788, 792[4, 5] (Mo.App.1975).

■ One further observation is appropriate in this area. There was direct conflict in the testimony of the Appellant and of the Respondent as to the purpose of these loans, in that the Appellant claimed that over $6,000.00 of the proceeds were used for the college education of the daughter of the parties, and the Respondent denied this fact. Under these circumstances, it is obvious that the trial court chose to believe the Respondent and this court must in this respect, as in all others touching the credibility of the witnesses, give deference to the trial court's superior opportunity to judge such credibility. Rule 73.01(3)(b), Rules of Civil Procedure. The Appellant's first point is ruled against him.

The trial judge is given broad discretion under Section 452.335 of the Dissolution of Marriage Act, Laws 1973, p. 470, Section 8, in awarding maintenance. There was substantial evidence in this case that the respondent earned from $325.00 to $350.00 per month and that her monthly expenses, including payments on the home mortgages and home improvement loans, were $975.00 per month. The evidence further showed that the Appellant had a net monthly income of $1,000.00 per month, after deduction of business expense and taxes.

■ The trial court made detailed findings showing that in making this maintenance award it took into consideration the length of the marriage (25 years), the health and age of the Respondent, the ability of the Appellant to meet his needs and provide maintenance and the statutory admonitions in arriving at its judgment as to maintenance. Even with the maintenance, the Respondent's resources will fall short of her established needs. Her entire property, aside from earnings, consists of the heavily mortgaged home, the furniture, and a piece of property of doubtful value in Arkansas under contract for a deed. No question is raised as to her good conduct during the marriage. An abuse of discretion does not appear. If circumstances change, relief can be granted under Section 452.370, of the Dissolution of Marriage Act, Laws 1973, p. 189, Sec. 15. The Appellant's second point is ruled against him.

There was substantial evidence to support the decree, it was not against the weight of the evidence, it did not erroneously declare the law, and it did not erroneously apply the law. *Murphy v. Carron*, supra.

The judgment is affirmed.

All concur.