**Wilma Annette STOTTLEMYRE,
Appellant,**

v.

**Paul Edward STOTTLEMYRE,
Respondent.**

**No. WD 48444.**

Missouri Court of Appeals,
Western District.

May 24, 1994.

Rehearing Denied June 28, 1994.

Allan D. Seidel, Miller, Seidel and Havens, Trenton, for appellant.

George M. Ely, Hamilton, for respondent.

Before TURNAGE, C.J., and FENNER and SPINDEN, JJ.

TURNAGE, Chief Judge.

Wilma Stottlemyre filed suit for the dissolution of her marriage to Paul Stottlemyre. The court dissolved the marriage, divided the property and awarded Wilma maintenance of $300 per month for twelve months. Wilma appeals and complains about the division of property and the limitation of maintenance to one year. Affirmed in part; reversed and remanded in part.

Wilma and Paul were married about ten years. Wilma had virtually no assets at the time of the marriage while Paul owned a residence, a farm and bonds.

At the time of the dissolution there was about $171,000 in marital property. The court awarded Paul about 80 percent of the marital property and awarded Wilma 20 percent.

■ Wilma first contends the court erred in dividing the marital property. In *Kahn v. Kahn*, 839 S.W.2d 327, 331[6, 7] (Mo.App. 1992), the court stated that the trial court has great flexibility and far reaching power in dividing marital property. The court further held there is no given formula respecting the weight which the court gives to relevant factors which the court may consider in dividing the property. Further, an appellate court presumes that the trial court considered all of the evidence in dividing the marital property. Considering the factors enumerated in § 452.330.1, RSMo 1986, and considering the evidence relating to these factors, this court cannot conclude that the trial court abused its discretion in the division of the marital property. An extended discussion of this point would have no precedential value.

■ Wilma next contends the court erred in failing to find that the house owned by Paul at the time of marriage and which was occupied by the parties was marital property. The house was titled in Paul's name alone at the time of marriage and remained that way to the time of dissolution. Generally, proper-

ty acquired before the marriage and which remains titled in the name of the original owner is separate property unless the record shows that the owner intended to change the status of the property from separate to marital. *Kreitz v. Kreitz,* 750 S.W.2d 681, 685[3, 4] (Mo.App.1988). Here, there was no evidence that Paul intended to convert the house from his separate property to marital property.

■ Wilma finally contends the court erred in granting her maintenance for a period of one year. "[A] limited maintenance award must be based on evidence showing either an impending change in the recipient spouse's financial condition or a reasonable likelihood that such a change will occur." *Burns v. Burns,* 829 S.W.2d 468[2, 3] (Mo. App.1992).

In this case there was no evidence that Wilma had an impending change in her financial condition or a reasonable likelihood that such a change would occur. She derived income from being an apartment manager and from a part-time job. There was no evidence of a likely change in her job situation or her income. Absent such evidence, the court should not have limited maintenance to a period of one year.

The judgment dividing the property and finding that the house was separate property is affirmed. That part of the judgment limiting maintenance to a period of one year is reversed and this cause is remanded with directions to enter judgment awarding Wilma maintenance in the sum of $300 per month with no limitations.

All concur.