In re the MARRIAGE OF Sara Beth SILCOX and Amberis David Silcox, a/k/a David Silcox, David A. Silcox, and David A. Silcox, Sr.

Sara Beth SILCOX, Petitioner–Respondent,

v.

Amberis David SILCOX, a/k/a David Silcox, David A. Silcox, and David A. Silcox, Sr., Respondent–Appellant,

and

David Amberis Silcox, Jr., a/k/a David A. Silcox, Jr., and Amberis David Silcox, Jr., Third Party Respondent.

No. 20952.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 2, 1997.

Thomas L. Williams, Roberts, Fleischaker, Williams, Wilson & Powell, Joplin, for Appellant.

John S. Pratt, Susan S. Jensen, Pratt & Fossard, Springfield, for Respondent.

Before GARRISON, P.J., and PREWITT and CROW, JJ.

**PER CURIAM.**

Amberis David Silcox ("Husband") and Sara Beth Silcox ("Wife") were married on September 19, 1980. Wife filed a petition for dissolution of marriage on November 22, 1993. David Amberis Silcox, Jr. ("Junior"), Husband's son from a previous marriage, intervened because of his interest in some of the property which was subject to division in the proceeding. The trial court entered a decree dissolving the marriage and dividing the property on March 19, 1996. Husband appeals.

■ We will sustain a dissolution of marriage decree unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *In re Marriage of Brown,* 884 S.W.2d 371, 375 (Mo.App. S.D.1994) (citing *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.banc 1976)). In a dissolution of marriage proceeding, § 452.330 RSMo 1994 requires the trial court to set apart to each spouse his or her nonmarital property and divide the marital property in such proportions as it deems just, considering all relevant factors, including the ones specifically enumerated in the statute. We are mindful that the trial court has considerable discretion in dividing the marital property, and we will interfere only if the division is so heavily and unduly weighted in favor of one party as to amount to an abuse of discretion. *In re Marriage of Hash,* 838 S.W.2d 455, 459 (Mo. App. S.D.1992).

■ Husband raises four points on appeal. Each of them requires us to consider the propriety of the trial court's property division. The record before us, however, precludes a consideration of these points. Three certified copies of the trial court's judgment have been filed in this case. ( "Copy # 1," "Copy # 2," and "Copy # 3").[1] Each contains eight pages of text and refers to "Schedule A," "Schedule B," "Schedule C," and "Schedule D," which identify and value the property set aside to each of the parties. The texts of the various copies of the judgment are identical. Copy # 1 contains no schedules. Copy # 2 and Copy # 3 each have a complete set of schedules, but the schedules are inconsistent in that they indicate that some items of property were valued and distributed differently.

According to the figures in Copy # 2, the total value of the marital estate is $425,-120.50; using the figures in Copy # 3, the total is $436,120.50. This reflects the different values placed on specific items of property in each copy. In both Copy # 2 and Copy # 3, Husband received, among other things, the couple's condominium in Florida and a 1987 Ford diesel truck. Copy # 2 lists the condominium's value as $40,000, while Copy # 3 lists it as $50,000. Similarly, Copy # 2 values the truck at $2000, and Copy # 3 values it at $3000. Values also differ between the text of the judgment and the schedules. Specifically, Wife was awarded a promissory note executed by Junior, in all three copies of the decree. The text recites its value as $52,318.76, while the schedules attached to Copy # 2 and Copy # 3 list its value as $55,361.01.

Of more significance, however, is the disposition of the marital residence. In Copy # 2, it was awarded to Wife; in Copy # 3, it was awarded to Husband. In both copies Wife received a $116,431.25 judgment lien on the property. Both copies list the house's value as $204,000, nearly half of the value of the marital estate.

■ Because each of the three copies of the trial court's decree is certified as a true copy by the circuit clerk, we have no way of knowing which values and awards of property are the correct ones. We are unable to determine whether the trial court's division of property was just and within its discretion if we do not know how it divided the property. Our duty to dispose of this case on its merits presupposes a record and evidence upon which we can act with some degree of confidence and accuracy as to our conclusions. *Hill v. Klontz,* 909 S.W.2d 725, 726 (Mo.App. S.D.1995).

---

1. Copy # 1 is a part of the Legal File; Copy # 2 is contained in the Supplemental Legal File; Copy # 3 is in the Legal File submitted by Respondent.

We therefore remand the case to the trial court with directions to enter a judgment containing no discrepancies in the valuation and distribution of property. *Hendershot v. Minich,* 297 S.W.2d 403, 410 (Mo.banc 1956); *Whitworth v. Whitworth,* 878 S.W.2d 479, 484–85 (Mo.App. W.D.1994); *Spence v. Wrobleski,* 571 S.W.2d 489, 490 (Mo.App.1978). The only issues on appeal related to the division of property including a judgment in connection therewith, and an award of attorney's fees. Except as to those issues, the judgment is affirmed.