In re the MARRIAGE OF Mark
Allen NORED and Martha
Eurine Nored.

Martha Eurine NORED, Petitioner–
Respondent,

and

Mark Allen NORED, Respondent–
Appellant.

No. 21943.

Missouri Court of Appeals,
Southern District,.
Division One.

June 24, 1998.

Donald Rhodes, Bloomfield, for Appellant.

William B. Gresham, Poplar Bluff, for Respondent.

PREWITT, Judge.

Mark Allen Nored appeals from a judgment dissolving the parties' marriage. He presents two points relied on, contending that the court erred in awarding Respondent maintenance, and in finding that a camper is marital property and ordering that it be sold and the proceeds divided evenly between the parties.

Review of this non-jury case is under Rule 73.01(c). For an interpretation of that rule, see *In Re Marriage of Lafferty,* 788 S.W.2d 359, 361 (Mo.App.1990). "Due regard shall be given to the opportunity of the trial court to have judged the credibility of witnesses." Rule 73.01(c)(2). "All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Rule 73.01(a)(3).

In reviewing maintenance orders, an appellate court views the evidence favorable to the decree, disregarding evidence to the contrary and deferring to the trial court even if the evidence could support a different conclusion. *Allen v. Allen,* 961 S.W.2d 891, 893 (Mo.App.1998). In reviewing an award of maintenance, the burden of demonstrating abuse of discretion is on the paying spouse. *Francka v. Francka,* 951 S.W.2d 685, 696 (Mo.App.1997). The spouse seeking maintenance must show a lack of sufficient property, including marital property apportioned to that spouse, to provide for reasonable needs, and be unable to support himself or herself through appropriate employment. *Id.* at 695.

■ On appeal, the trial court's determination of whether property is marital is presumed correct and the burden is on the appellant to demonstrate error in that respect. *In Re Marriage of Perkel*, 963 S.W.2d 445, 451 (Mo.App.1998). The trial court has discretion in dividing marital property and an appellate court interferes only if the division is so heavily and unduly weighted in favor of a party that it amounts to abuse of discretion. *In Re Marriage of Silcox*, 950 S.W.2d 684, 685 (Mo.App.1997).

■ Appellant's complaint regarding maintenance is premised on the assumption that Respondent could work, as she had in the past, as a licensed practical nurse. He asserts in his first point that the trial court erred "because the record reflects that [Respondent] was trained as an LPN, had previously been employed as an LPN, could meet her reasonable needs through such employment and was not in need of maintenance." Maintenance is not proper if a spouse is able to support herself through appropriate employment. *Witt v. Witt*, 930 S.W.2d 500, 503 (Mo.App.1996).

Respondent had worked as a licensed practical nurse, but following an on-the-job injury to her back, a finding was made that she was twenty percent disabled, apparently to the body as a whole, and unable to physically perform those duties. She then took other employment paying her less than she had earned as a licensed practical nurse. There was evidence which reflected that through her latter employment she could not provide for her reasonable needs. There is no evidence that she voluntarily or intentionally reduced her income or sought to avoid employment.

Under this point, Appellant also argues that Respondent did not prove a need for maintenance because "[h]er testimony revealed that [she] made approximately $715.00 per month, while her expenses reportedly totaled $425.00 per month." The amount of $425.00, however, does not include housing, automobile, insurance, food, clothing, or medical and dental expenses. When these other expenses are added to the amount cited by Appellant, it is apparent that Respondent did prove she had a need for maintenance.

Viewing the evidence most favorable to the judgment, and disregarding all contrary evidence, we find that the trial court did not abuse its discretion in awarding Respondent an award of maintenance. Point I is denied.

■ Appellant's second point contends that the trial court erred by failing to set apart a 1976 Cobra camper as Appellant's separate property. We find this point has merit and reverse the judgment of the trial court in this regard. The division of property in dissolution proceedings is governed by Section 452.330, RSMo Cum.Supp.1997. The trial court must first set apart to each spouse his or her separate property, and then the court must divide the remaining marital property. *See In Re Marriage of Eck*, 904 S.W.2d 60, 61 (Mo.App.1995).[1]

■ "Marital property" is all property acquired by either spouse subsequent to the marriage, and not subject to one of the listed exceptions in Section 452.330.2, RSMo. "Generally, property acquired by either spouse prior to marriage is that spouse's separate property upon dissolution." *Jensen v. Jensen*, 877 S.W.2d 131, 136 (Mo.App.1994).

■ In this case, the camper was purchased prior to the marriage of the parties, during the time they were cohabitating. The camper was titled in the names of Appellant and his mother, Alta Nored, and was fully paid for prior to the marriage of the parties. "Generally, property acquired before the marriage and which remains titled in the name of the original owner is separate property unless the record shows that the owner intended to change the status of the property from separate to marital." *Stottlemyre v. Stottlemyre*, 877 S.W.2d 176, 177 (Mo.App. 1994). The evidence in this case does not show that Appellant ever intended to change the camper from separate to marital property.

1. *In Re Marriage of Eck* was decided two years prior to the statute in effect at the time of the trial of this dissolution. The relevant language in

Sec. 452.330.1, however, is the same in the 1990 and the 1997 versions.

Contrary to Appellant's argument that "the status of property as marital or separate becomes fixed as of the time of its acquisition," Missouri no longer follows the "inception of title" rule, but has adopted the "source of funds" approach in dividing property. *See Hoffmann v. Hoffmann,* 676 S.W.2d 817, 825 (Mo.banc 1984). "Under this rule, the character of the property is determined according to the source of funds which financed the purchase. Thus all property on which marital funds are expended is marital property regardless of the date of acquisition and status of title." *Colborn v. Colborn,* 811 S.W.2d 831, 835 (Mo.App.1991). In this case, no marital funds were expended on the purchase of the camper because it was entirely paid for prior to the marriage of the parties. Even though joint funds may have been used to purchase the camper, these funds were not "marital."

Separate property may also be transmuted into marital property by agreement or by gift. *Dildy v. Dildy,* 650 S.W.2d 324, 329 (Mo.App.1983). In the instant case, there was no evidence that the camper was ever gifted to the marital community, nor evidence of any agreement to transmute the camper to marital property. Also, separate property may become martial property if the property was purchased in contemplation of marriage and was intended to be marital property. *Colborn,* 811 S.W.2d at 834. There is no evidence to support such finding in this case. The camper was purchased approximately five years prior to the marriage and was never titled in both names of the parties.

As there is insufficient evidence to support the trial court's award of the camper as marital property, Point II is granted. This case is remanded to the trial court for entry of an amendment to the judgment setting the 1976 Cobra camper over to Appellant as his separate property. In all other aspects the judgment is affirmed.

GARRISON, P.J., and CROW, J., concur.