In re Marriage of William Tony ESTEP and Pamela Sue Estep.

William Tony ESTEP, Petitioner–Appellant,

v.

Pamela Sue ESTEP, Respondent.

No. 22168.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 3, 1998.

Scott B. Stinson, Mountain Grove, for Appellant.

John Alpers, Jr., Cabool, for Respondent.

BARNEY, Judge.

William Tony Estep (Tony) appeals from a judgment which dissolved his marriage to Pamela Sue Estep (Pamela). The parties were married for approximately six months and no children were born of the marriage. On appeal to this Court, Tony assigns two points of error. First, he argues that the trial court erred in awarding Pamela the sum of $2,000.00 to compensate her for her contributions made to the increase in value of Tony's non-marital real estate. Second, Tony argues that the trial court erred in awarding Pamela the sum of $1,000.00 to assist her in paying her medical bills which she incurred during the marriage.

We must affirm the judgment in a marriage dissolution case unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Alexander v. Alexander*, 956 S.W.2d 957, 959 (Mo.App. 1997). In reviewing the decision of the trial court, we must view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the trial court's decision and disregard all evidence and inferences to the contrary. *Id.* at 959–60. "Due regard shall be given to the opportunity of the trial court to have judged the credibility of witnesses." *In re Marriage of Nored*, 971 S.W.2d 328, 329 (Mo.App.1998); *see also* Rule 73.01(c)(2), Missouri Court Rules (1998).

■ We note that the trial court in this matter did not enter any specific findings of fact and conclusions of law in support of its judgment. "All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." *Id.; see also* Rule 73.01(a)(3), Missouri Court Rules (1998).

## I.

■ In his first point, Tony contends that the trial court erred in awarding Pamela the sum of $2,000.00 to compensate her for her contributions to the increase in value of Tony's non-marital, real property. We rule this point against Tony.

■ "On appeal in a court-tried case, an appellate court is concerned with only the correctness of the result, not the route taken by the trial court to reach that result." *General Elec. Capital Corp. v. Rauch*, 970 S.W.2d 348, 353 (Mo.App.1998); *see also Hudson v. DeLonjay*, 732 S.W.2d 922, 928 (Mo.App.1987)(the judgment of the trial court must be affirmed if it can be supported on any reasonable ground or theory). "A correct decision will not be disturbed on appeal merely because the trial court gave a wrong or insufficient reason." *Id.* "In a case tried to the court the trial judge is presumed qualified to evaluate the evidence and fashion an appropriate equitable remedy when necessary." *Hudson*, 732 S.W.2d at 928.

Viewing the evidence and its reasonable inferences derived therefrom in the light most favorable to the trial court's decision the record shows that prior to their marriage the parties lived together on and off for approximately two years, during which period they separated on five or six separate occasions. It was during this period of time prior to their marriage that Tony and Pamela began and completed the construction of two houses: one on Dees Road and the second on Malberg Road, Cabool, Missouri, in which they subsequently lived together as

husband and wife. Pamela assisted in the construction of both houses.

At trial Pamela testified on cross-examination as follows:

Q. Okay. And before the point at which you and he decided to get married, a couple weeks before the marriage in October of '96, before that you never asked him for any compensation for your contributions at that [1483 Dees Road] house; did you?

A. No, because we had a previous agreement.

Q. What was this agreement?

A. We had an agreement that for my work on helping to fix the other house [the Dees Road house in which the parties lived for a period of time] to get it sold and for help—my help on building this one [14421 Malberg Road], that we would—he would let me have a couple thousand dollars to spend the way I wanted and that we would reinvest the rest of the money on the next one.

. . .

Q. So any money he owes you is—has nothing to do with the marriage, it was due to you based on an oral contract made and completed before the marriage?

A. Yes. That's the agreement we made.[1]

■ In light of the evidence at trial, the trial court properly could have have found that an express or implied contract existed between Tony and Pamela to share assets accumulated during their period of cohabitation prior to marriage and that the contract was supported by valid consideration. *See Hudson,* 732 S.W.2d at 927. These types of contracts are enforceable in Missouri "except to the extent that such contracts are explicitly founded on the consideration of meretricious sexual services. . . ." *Id.* at 926. "The fact that a man and a woman are living together in a meretricious relationship does

not prevent them from entering into an enforceable contract with each other." *Id.* "The relevant inquiry is whether there was an agreement, either express or implied in fact, between the parties which was supported by valid consideration." *Id.* at 927. "This remains the test even though the parties' contemplation of cohabitation may have been the reason for their entering into such an agreement at the outset." *Id.* (citing RESTATEMENT OF CONTRACTS § 589 (1932)). In the instant matter, there is no evidence in the record to suggest that any express or implied contract was founded on consideration of sexual services.

We find no abuse of trial court discretion in the trial court's decision to award Pamela the sum of $2,000.00 under the parties' oral agreement. *See Hudson,* 732 S.W.2d at 927. Point denied.

## II.

■ In his second point, Tony asserts that the trial court erred in awarding Pamela the sum of $1,000.00 to assist her in paying her medical bills which she incurred during the marriage. He argues that the trial court's award amounted to a lump sum maintenance award which was contradictory to the trial court's finding that neither party was entitled to maintenance. Pamela testified that she incurred substantial medical bills during the time the parties were married. Tony testified that he believed Pamela incurred approximately $2,000.00 in medical bills.[2]

■ As a general rule, a marital debt is ordinarily a debt incurred subsequent to the marriage. *Hicks v. Hicks,* 969 S.W.2d 840, 846 (Mo.App.1998). The trial court is vested with broad discretion in determining how and in what manner marital debts should be divided, and this Court will not disturb the trial court's allocation of marital debts absent a clear showing of abuse of

---

1. We observe that, generally, issues raised by implied consent, as here, are treated as if raised by the pleadings although the pleadings are not formally amended to conform to the evidence, provided that the evidence so received bears solely on the proposed new issues and are not relevant to some other issue already in the case. *See Kackley v. Burtrum,* 947 S.W.2d 461, 465 (Mo.App.1997). In her pleadings, Pamela sought a "fair and equitable division of the parties marital property." She had not previously made a

claim based on contract against Tony's non-marital property.

2. Tony acknowledged that these bills represented deficiencies owed on medical, psychiatric, and drug bills incurred by Pamela and that they were not covered by insurance or deductible limits. Additionally, Pamela testified that Tony had received one or two checks from their health insurance carrier which had not been forwarded to her appropriate health care provider.

discretion. *Id.; see also Costley v. Costley,* 717 S.W.2d 540, 543 (Mo.App.1986). Additionally, consistent with its inherent broad power to adjust the financial equities between the parties in a dissolution action, the trial court has the authority to award a party a lump-sum money judgment to cover debts owed the parties' creditors. *McCully v. McCully,* 550 S.W.2d 911, 914 (Mo.App.1977). However, in fashioning such an award, the trial court's discretionary action must meet the test of equity. "[P]roceedings decided under the Dissolution of Marriage Act, are no less charged with the principles of equity than the old divorce actions."[3] *Id.* Given the circumstances of this case, we find no abuse of trial court discretion in its awarding Pamela $1,000.00 for an indebtedness arising from prescription drugs or medical services provided her.

The judgment is affirmed.

GARRISON, C.J., and SHRUM, P.J., concur.

---

**3.** In the exercise of its discretion in fashioning an adjustment to the financial equities between the parties, given the circumstances of a case, a trial court may find it necessary to impose specific directions or restrictions on such an award covering an indebtedness owed by the parties.