Randall LACY and Reva Lacy,
Plaintiffs–Appellants

v.

Linda ADAMS and John Adams,
Defendants–Respondents.

No. 28395.

Missouri Court of Appeals,
Southern District,
Division One.

June 25, 2008.

Daniel T. Moore, John M. Albright,
Moore, Walsh & Albright, L.L.P., Poplar
Bluff, MO, for appellants.

No appearance for respondents.

JOHN E. PARRISH, Presiding Judge.

Randall Lacy and Reva Lacy (plaintiffs)
appeal a judgment that quieted title to
certain real estate in Poplar Bluff, Butler

County, Missouri.[1] The judgment declared that title to the property was vested in Linda Adams and John Adams (defendants) in fee simple absolute. The judgment further enjoined and prohibited plaintiffs, their successors, assigns, agents, employees, or other persons associated with them from conducting construction or related activities on the property. The judgment is affirmed in part, reversed in part, and remanded with directions to enter judgment consistent with this opinion.

The tract of land that is the subject of this case is a small triangular parcel that is on the north side of defendants' property and on the south side of plaintiffs' property. Plaintiffs' and defendants' property (including the triangular tract to which this action is directed) was purchased by Marshall Allen in 1936. Marshall Allen and his wife, Nola, conveyed the southern part of the property to Albert Eichler and Clarice Eichler, husband and wife, in 1938. Clarice Eichler was Nola Allen's sister.

The Eichlers used their property as rental property. In 1971 defendant Linda Adams, the Eichlers' granddaughter, and their great-grandson (then one-year old), moved to the Eichler property and maintained their residence there. When Linda Adams and her son moved to the property, Albert Eichler constructed a fence at the back of the house. The fence line crossed the boundary of the Eichler property to the north. The triangular tract that is the subject of this lawsuit was part of the area that was enclosed within the fenced area.

Defendant Linda Adams resided at the Eichler property from 1971 through 1981,

although she was away during the summers of 1974 and 1976 when she attended graduate school. At the end of each of the study sessions, she returned to Poplar Bluff where she was employed as a teacher and where she continued to reside.

Linda Adams married defendant John Quincy Adams in 1979. From 1981 to 1983 they were in Columbia, Missouri, where Linda Adams continued graduate studies; however, they would return to Poplar Bluff for visits and occupy the residence there, including the backyard area that is the subject of this lawsuit. The Poplar Bluff property was conveyed to Ms. Adams by her grandmother, Clarice Eichler, in 1984.[2]

Defendants were in Centralia, Missouri, during part of the time Linda Adams was pursuing graduate studies. After Linda received her master's degree in 1988, they moved to Lincoln County where she was employed as a teacher. Defendants resumed their residency in the Poplar Bluff area in 1991. They moved into the residence on the property Clarice Eichler had conveyed to Linda. They did work on the house, including rewiring it. The fence in the backyard that enclosed the land that is the subject of this lawsuit was removed by John Adams in 1993.

In 2005 plaintiffs purchased the property that adjoins and lies to the north of the property that had been conveyed to Linda Adams. At some point after purchasing the property, plaintiffs were having it cleared for resale. In the course of excavating the property, the equipment operator began to move onto the disputed prop-

1. *Respondents did not file a brief in this case.* "Although no penalty is prescribed for a respondent's failure to file a brief on appeal, when this occurs the appellate court is left with nothing to aid in the disposition of the appeal other than the appellant's brief. The dilemma this presents is that the court must resolve the case without the benefit of the

respondent's authorities and points of view." *Holly v. Holly,* 151 S.W.3d 148, 149 n. 1 (Mo.App.2004).

2. The deed by which Clarice Eichler conveyed the property, Plaintiffs' Exhibit 10, recites that she was the widow of Albert E. Eichler.

erty. Ms. Adams stopped the excavation. This lawsuit followed.

Plaintiffs assert one point on appeal. They contend the trial court erred in entering judgment for defendants. They argue that plaintiffs' property was previously owned by relatives of Ms. Adams; that "when adjoining parcels of real property are owned by family members the law requires an additional quantum of proof to establish adverse possession in addition to the usual elements of hostile, open and notorious possession under a claim of right." Plaintiffs assert that because Ms. Adams had no interest in the property she now owns when she first lived there and because the fence that previously enclosed the disputed area was torn down in 1993, defendants did not establish exclusive, hostile, open and notorious claim to that ground.

The trial court's findings include:

Mr. Eichler established the fence line when Linda Adams moved onto the property in 1971. Defendant Linda Adams and her family have occupied the property since that date. Specifically, Defendants have maintained the fence established by Mr. Eichler until it was removed; planted and maintained trees, shrubs, and other ornamental plants in the disputed area; have mowed and maintained the lawn; have used the disputed tract for children's play and family functions; and have generally utilized the disputed tract as part of their backyard. That use and possession was hostile, actual, open, notorious, exclusive, and continuous since 1971. Consequently, Defendants' ownership of the parcel in question was established by adverse possession in 1981. This bars Plaintiffs, or anyone else, from asserting any kind of ownership over the disputed tract.

■ Ownership of real property may be established by adverse possession upon showing actual, hostile, open and notori-

ous, exclusive and continuous possession of the property for a period of ten years. *Shuffit v. Wade,* 13 S.W.3d 329, 335 (Mo. App.2000); *Anderson v. Howald,* 910 S.W.2d 378, 379–80 (Mo.App.1995).

The essential requirement of adverse possession is that the possessor's occupancy be truly adverse and in opposition to the title of the record owner. *Russell v. Russell,* 540 S.W.2d 626 (Mo.App. 1976). The claimant must occupy the particular piece of property intending to possess it as his own. His occupancy must be in defiance of, not in subordination to, the rights of others. *Benson v. Fekete,* 424 S.W.2d 729 (Mo.banc 1968); *Mooney v. Canter,* 311 S.W.2d 1 (Mo. 1958). An adverse possessor does not recognize the authority of the record titleholder to permit or to prevent his continued use of the property claimed. *Benson v. Fekete, supra.*

*Teson v. Vasquez,* 561 S.W.2d 119, 125–26 (Mo.App.1977).

Linda Adams' occupancy of the property that was later conveyed to her began in 1971 when the property owners, Linda's grandparents, allowed her to live there. Her grandfather, Albert Eichler, was the one who set the fence around the now disputed area. Mr. Eichler planted a crepe myrtle by the fence at the time he constructed it. The shrub is still growing at the location where it was planted. Mr. Eichler erected the fence that enclosed the disputed area for the purpose of his granddaughter's and her son's use of that area. Linda and her son occupied the Eichler property and the disputed area beginning in 1971 with the Eichlers' permission and desire. It was the Eichlers' ability to control the land and their intent to exclude others from taking possession of it from which Linda Adams derived her right of occupancy. Her actual occupancy of the land was on the Eichlers' behalf and in

their stead. It was an exercise of dominion and control on behalf of the Eichlers sufficient to support a finding of their actual possession of the property. *See Pinewoods Associates v. W.R. Gibson Development Co.,* 837 S.W.2d 8, 11 (Mo.App.1992). As such, Albert and Clarice Eichler maintained actual, hostile, open and notorious, exclusive and continuous possession of the disputed property for a period of ten years from 1971 to 1981.[3]

■■■ The conveyance of the property originally purchased by the Eichlers to Linda Adams constituted a conveyance of the adjoining property, the disputed area, to Linda Adams.

"Where a person having title by deed to a lot or tract of land described in the deed also has inclosed with it and is in possession of adjoining land to which he has no record title and conveys the land by the description in the deed, and delivers with it the possession of the entire inclosure, the continuity of possession will not be broken and the two possessions may be joined and considered as one continuous possession. *The point at issue is the intended and actual transfer of possession of the land held adversely.*" (emphasis theirs) (citations omitted).

*Heigert v. Londell Manor, Inc.,* 834 S.W.2d 858, 865 (Mo.App.1992), *quoting Crane v. Loy,* 436 S.W.2d 739, 743–44 (Mo. 1968). Where disputed land, i.e., land adversely held, adjoins land described in a deed, but is not described in the deed, and continues to an obvious boundary, such as a fence, the grantor's intent to convey the entire enclosed area is implied from the circumstances. *Heigert,* 834 S.W.2d at 866.

■■ In this case, Albert Eichler and Clarice Eichler, who owned the property now owned by Linda Adams, acquired title via adverse possession following installation of the fence around the disputed area. The disputed area was, as explained in *Heigert,* intended to be conveyed to Linda Adams by the deed from her grandmother, Clarice Eichler.

■■ Plaintiffs nevertheless claim that the evidence in this case was insufficient to establish title by adverse possession because prior to their acquisition of the real estate that adjoins what was conveyed to Linda Adams, what is now owned by plaintiffs belonged to relatives of the Eichlers.[4] Plaintiffs contend that "when the adjoining lots are owned by family members, the burden of proof increases." Plaintiffs rely on *Lancaster v. Neff,* 75 S.W.3d 767 (Mo.

---

**3.** The trial court found that the occupancy of Linda and her son constituted acquisition of title to the property by adverse possession. The trial court concluded that defendants acquired title to the property by that means rather than Linda acquiring title by virtue of the conveyance from Clarice Eichler. This being a court-tried case, the judgment may be affirmed on a theory other than that espoused by the trial court. "[T]he appellate court's primary concern is the correctness of the trial-court's result, not the route taken to reach it. Regardless of whether the trial court's proffered reasons are wrong or insufficient, if the correct result was reached, the appellate court must affirm." (Citation omitted.) *Freeman v. Barrs,* 237 S.W.3d 285, 288 (Mo.App. 2007). *See also In re Marriage of Estep,* 978

S.W.2d 817, 818 (Mo.App.1998). The adverse possession was the means by which the Eichlers acquired title to the disputed tract that, as discussed, *infra,* was subsequently conveyed to Linda Adams.

**4.** As previously noted, the property plaintiffs own and that conveyed to Linda Adams was part of a tract purchased by Marshall Allen in 1936. Marshall Allen's wife, Nola, was the sister of Clarice Eichler. The Allens sold the tract that was conveyed to Linda Adams to Albert and Clarice Eichler. The Allens lived on the part of the tract they retained, the land plaintiffs now own, until 1954. In 1954 the house in which the Allens had lived was demolished and the Allens moved to Michigan.

App.2002), and *Tallent v. Barrett,* 598 S.W.2d 602 (Mo.App.1980), as support for that argument.

*Lancaster* and *Tallent* state the rule that stronger evidence of adverse possession is generally required when a family relationship exists than when one does not. *Lancaster,* 75 S.W.3d at 775; *Tallent,* 598 S.W.2d at 606. *Lancaster,* nevertheless, points out that this does not mean that a party cannot make a successful case for adverse possession where an original grantor and grantee were related. *Lancaster* held that where evidence is strong, the reluctance of Missouri courts to grant adverse possession where family members were involved does not prevent a finding of adverse possession. *Lancaster, supra.*

The evidence in this case is sufficient to support the trial court's finding that Linda Adams' grandparents acquired ownership of the disputed property by adverse possession; that Linda acquired title to the property when her grandmother, Clarice Eichler, conveyed the real estate Linda now owns to her in 1984. The evidence does not support a finding that John Adams acquired an interest in the real estate in question.

The part of the judgment that declared that John Adams is an owner of the real estate in question is reversed. In all other respects, the judgment is affirmed. The case is remanded with directions that the trial court enter judgment consistent with this opinion.

BATES and SCOTT, JJ., concur.