Edith PIKE, Plaintiff–Respondent,

v.

Lester L. WILLIAMSON, and L.
Florene Williamson, Defen-
dants–Appellants.

No. SD 31158.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 20, 2011.

Motion for Rehearing and Transfer Denied
Jan. 11, 2012.

Rick J. Muenks, Springfield, MO, for Appellants.

Craig F. Lowther, Kory D. Stubblefield, and Aaron M. Klusmeyer, Lowther Johnson Attorneys at Law, L.L.C., Springfield, MO, for Respondent.

GARY W. LYNCH, Judge.

Lester L. Williamson and L. Florene Williamson (collectively "Defendants") appeal a judgment that quieted title to certain real estate in Greene County, Mis-

souri, by declaring fee simple absolute title vested in Edith Pike ("Plaintiff"), contending that the judgment is not supported by substantial evidence and is against the weight of the evidence.[1] Finding no merit in Defendants' contentions, we affirm the trial court's judgment.

### Factual and Procedural Background

Plaintiff claimed title by adverse possession to a strip of land situated between the parties' respective properties. The disputed tract is approximately 17,117 square feet, or 0.3929 acre in area, and is situated between the western boundary of Plaintiff's parcel (the "Pike parcel") and the eastern boundary of Defendants' parcel (the "Williamson parcel"). Both parcels were under common ownership for more than 100 years before the separation of title on or around January 29, 1976. At that time, Paul E. Williamson and Ollie K. Williamson, husband and wife, conveyed by warranty deed their interest in a five-acre tract at the southeast corner of their original parcel to their son, Kenneth P. Williamson, and his wife, Delores R. Williamson. Paul and Ollie retained the remainder of the property as their separate and distinct parcel, which was eventually transferred into a trust. Ollie died March 25, 2004, and the Williamson parcel was transferred to Defendants that same year. The disputed tract is included within the legal description of the Williamson parcel.

Kenneth Williamson died February 13, 1997. Delores Williamson, as a single person, conveyed her interest in the Pike parcel to Richard Reeves and Anita Reeves, husband and wife, by general warranty deed dated October 25, 1999. Anita Reeves, as a single person, transferred her interest to Robert Pike and Plaintiff, both single persons, as joint tenants with rights

of survivorship, by warranty deed dated June 5, 2007.

At the time Plaintiff took possession, a fence, which has existed for at least 70 years, divided the property claimed by Plaintiff and that of Defendants. It is this fence line that Plaintiff claimed as the western boundary of the Pike parcel. The west boundary of the Pike parcel, according to its legal description, however, runs east of the fence. This discrepancy gives rise to the disputed tract.

The dispute began in late 2007. Robert Pike quit claimed his interest to Plaintiff by deed dated January 14, 2008. A petition filed May 27, 2008, named both Robert Pike and Edith Pike as plaintiffs and sought to quiet title in Plaintiff based upon a claim of adverse possession of the disputed tract. Defendants counterclaimed for declaration of an ingress/egress easement by implication over a portion of the disputed tract for the benefit of their parcel.

Following a bench trial, judgment was entered in favor of Plaintiff on her claim for adverse possession. The trial court entered judgment on Defendants' claim for an ingress/egress easement for the benefit of Defendants' parcel, to the detriment and burden of Plaintiff's parcel.

Defendants appeal only that portion of the judgment finding that Plaintiff acquired title to the disputed tract by adverse possession, contending that

[t]he trial court erred in finding in favor of Plaintiff Edith Pike that awarded ownership to a disputed strip of land because the record does not contain substantial evidence to support said judgment and it was against the overwhelming weight of the evidence, which proved that Plaintiffs did not meet their burden

---

1. Because some of the individuals involved here share a surname, we occasionally refer

to them by their first names. No familiarity or disrespect is intended.

of establishing adverse possession in that they did not adversely possess the strip of land in dispute for the required ten[-]year period and did not establish that the predecessors in title adversely possessed the disputed strip of land for the required ten[-]year period.

## Standard of Review

In a case tried without a jury, the judgment will be affirmed unless there is no evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *McCullough v. Doss*, 318 S.W.3d 676, 678 (Mo. banc 2010). On appellate review, the evidence and reasonable inferences drawn therefrom are viewed in the light most favorable to the trial court's judgment, and all evidence contrary to the trial court's judgment is disregarded. *Houston v. Crider*, 317 S.W.3d 178, 186 (Mo.App.2010). The trial court is free to believe all, part, or none of the testimony before it, and this Court must defer to the trial court's credibility determinations. *Id.* "All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Rule 73.01(c).[2]

## Discussion

Defendants claim that the adverse possession judgment is not supported by substantial evidence. "Substantial evidence" is evidence that has probative force and from which the trial court can reasonably decide the case. *Houston*, 317 S.W.3d at 186. When an appellant challenges the trial court's judgment on the basis that substantial evidence does not support the judgment, "citation to or reliance upon evidence and inferences contrary to the judgment is irrelevant and immaterial to an appellant's point and argument" and further "provide[s] no assistance to this Court in determining whether the evidence and inferences favorable to the challenged proposition have probative force upon it, and are, therefore evidence from which the trier of fact can reasonably decide that the proposition is true." *Id.*

Defendants also contend that the trial court's judgment is against "the overwhelming weight of the evidence[.]" "Weight of the evidence" is determined by its effect in inducing belief and " 'refers to weight in probative value, not quantity or the amount of evidence.' " *Id.* (quoting *Gifford v. Geosling*, 951 S.W.2d 641, 643 (Mo.App.1997)). A challenge based on an against-the-weight-of-the-evidence argument presupposes "the existence of substantial evidence supporting a proposition necessary to sustain a judgment, but, nevertheless, challenges the probative value of that evidence to induce belief … when viewed in the context of the entirety of the evidence before the trier of fact." *Houston*, 317 S.W.3d at 186. Consideration of the probative value of the evidence before the trial court "necessarily involves some consideration of evidence contrary to the judgment[.]" *Id.* However, Defendants must resolve such conflicts in the evidence in accordance with the trial court's credibility determinations and further demonstrate, in the context of the totality of the evidence, that the evidence and inferences supporting the challenged finding lack the requisite probative value to induce belief. *Id.* at 187. Only when we firmly believe that the judgment is wrong will we set aside a judgment on the basis that it was against the weight of the evidence. *Id.* at 186.

"Adverse possession presents mixed questions of law and facts, and the

---

**2.** References to rules are to Missouri Court Rules (2011), unless indicated otherwise.

principles or elements to prove such a case are considered with the view that every property may be unique and each case must be decided in light of its own unique circumstances." *Weaver v. Helm,* 941 S.W.2d 801, 804–05 (Mo.App.1997). "We start with the presumption that the court's judgment is correct and appellant has the burden to show otherwise." *Id.* at 806. In addition, "[p]articular deference is accorded the trial judge's opportunity to view and understand queries and testimonial references to photographs, diagrams, and maps at trial in a case such as this where, upon review, descriptions such as 'down here,' 'this side,' 'at this point,' 'right here,' etc., are meaningless absent specific designations in the record." *Thomason Inv., L.L.C. v. Call,* 229 S.W.3d 297, 300 (Mo.App.2007).

As Plaintiff claimed title to the disputed tract by adverse possession, she had the burden of proving the existence of each and every element of adverse possession for the entire statutory period by a preponderance of the evidence. *Snow v. Ingenthron,* 285 S.W.3d 415, 419 (Mo.App. 2009). Accordingly, it was her burden to prove that possession was actual, hostile and under a claim of right, open and notorious, exclusive, and continuous for a period of ten years. *Kitterman v. Simrall,* 924 S.W.2d 872, 876 (Mo.App.1996). To meet her burden of proof as to the ten-year requirement, Plaintiff had to establish that possession adverse to the true owner was continuous, meaning without lapse and uninterrupted, for ten years. *Harness v. Wallace,* 167 S.W.3d 288, 292 (Mo.App. 2005). To establish the requisite ten-year period, "a claimant may tack his possession to that of his predecessors in title." *Conduff v. Stone,* 968 S.W.2d 200, 203 (Mo. App.1998).

Defendants concede that possession of the disputed tract during the ownership of the Reeves and Plaintiffs "extended from October 25, 1999, to May 27, 2008, which is a period of eight years, seven months and two days." Defendants do not challenge the evidentiary basis supporting that these possessions were adverse. Rather, Defendants contend that none of the possession by Kenneth and Delores Williamson during their ownership from January 29, 1976, until October 25, 1999, was adverse due to the familial relationship between Kenneth and his predecessors in title.

In making this contention, Defendants repeatedly use the phrase that "the evidence shows" or "the evidence at trial showed" as license to rely upon evidence in the record that is contrary to the judgment, while ignoring their obligation to "identify all of the favorable evidence in the record supporting the existence" of the elements of adverse possession during this time period. *See Houston,* 317 S.W.3d at 187. This deficiency foreclosed Defendants from demonstrating how that favorable evidence did not have probative force upon any of the elements of adverse possession, as required to sustain a not-supported-by-substantial-evidence argument, and from demonstrating why that evidence was so lacking in probative value, when considered in the context of the totality of the evidence, that it failed to induce belief in the existence of any of the elements of adverse possession, as required to support an against-the-weight-of-the-evidence argument. *See id.* at 188–89. Moreover, the contrary evidence relied upon by Defendants is taken almost exclusively from the testimony of defendant Lester Williamson. The trial court was free to disbelieve all of this testimony, and we defer to that credibility determination in the context of both a not-supported-by-substantial-evidence and an against-the-weight-of-the-evidence challenge. *See id.* at 187.

Even if we consider that the fact that Kenneth was Paul and Ollie's son was uncontested, that relationship, standing alone, does not preclude a finding of adverse possession by Kenneth and Delores during the relevant time period, as argued by Defendants. *See Lacy v. Adams*, 256 S.W.3d 610, 614 (Mo.App.2008). "The reluctance of Missouri courts to grant adverse possession where family members were involved does not prevent a finding of adverse possession." *Id. See also Lancaster v. Neff*, 75 S.W.3d 767, 775 (Mo.App. 2002). Defendants' reliance upon *Tallent v. Barrett*, 598 S.W.2d 602 (Mo.App.1980) to argue otherwise is misplaced.

In *Tallent*, the parties at odds (three brothers versus their sister) were tenants in common of the property at issue, *id.* at 605, and as such, "the presumption of law is that such a tenant holds possession for his cotenants[,]" *Higgerson v. Higgerson*, 494 S.W.2d 374, 378 (Mo.App.1973). Here, there was no evidence that there was a cotenancy between Paul and Ollie Williamson and Kenneth and Delores Williamson. Paul and Ollie conveyed outright a purported five-acre tract to Kenneth and Delores by warranty deed on January 29, 1976; the deeded tract was separate and distinct from the parcel they retained in their sole ownership.

 The record contains substantial evidence that Kenneth and Delores adversely possessed the disputed tract. Anita Reeves and her husband, Richard, rented property "next door and directly west of the Pike parcel between 1995 and 1999, before they purchased the Pike parcel. Before Kenneth's death on February 13, 1997, Richard, at Kenneth's request, mowed and brush hogged the area within the disputed strip, and he continued to do so after Kenneth died. Delores hired Richard to do various handyman chores on her property following her husband's death. She directed that Richard remove the foundation of an old house, a portion of which was situated within the disputed strip, and he seeded grass in that area. Delores also hired Richard to remove "a whole bunch of trees" within the disputed area on the north end, and he removed another tree at Delores's request just east of the fence line, near what was the foundation of the old house.

Anita Reeves testified that Delores Williamson told her that the property line was the fence on the west side of the Pike parcel, and the Reeves never had their parcel surveyed. While the Reeves held title to the Pike parcel, they believed that the western boundary of their parcel extended to the fence. That fence, by defendant Lester Williamson's admission, has existed for more than 70 years. A shed is located behind the present residence on the Pike parcel, half of which was built within the disputed strip at a time prior to the Reeves taking title. The present residence was built in 1976 after Kenneth and Delores acquired the property. In addition to the shed, a propane tank and a portion of a well house encroach upon the disputed tract; each services the residence on the Pike parcel. Plaintiff testified that Delores selected the location for the existing propane tank and had it installed at its present location in 1995. Formerly, a propane tank was located farther north but still within the disputed tract. There was also evidence that lateral lines servicing the septic system of the Pike residence were installed within the disputed tract, the clean-out for which is also located within the area in dispute, on the east side.

"Mindful that the task of weighing the evidence and assessing the credibility of the witnesses was that of the trial court," *Snow*, 285 S.W.3d at 420, we cannot say that the trial court erred in finding in favor of Plaintiff on her claim of adverse

possession. There was substantial evidence supporting the trial court's judgment, and Defendants have failed to demonstrate how that judgment is against the weight of the evidence. Defendants' point is denied.

### Decision

The trial court's judgment is affirmed.